DELAWARE SALES AND BROKERAGE COMPANY, a corporation existing under the laws of the State of Delaware, *vs.* THOMAS O. HAYDOCK, JR., and EVAN L. MOORE, Copartners, trading under the name of National Pipe and Supply Company.

1. SALES—ACCEPTANCE OF OPTION MUST BE UNCONDITIONAL.
   Generally the acceptance of an option must be unconditional.

2. SALES—OFFER TO PAY ON RECEIPT OF INVOICE A SUFFICIENT ACCEPTANCE OF OPTION, WHERE AMOUNT WAS NOT ASCERTAINABLE UNTIL RECEIPT OF INVOICE.

   Where option to purchase all or a portion of certain merchandise within certain period required buyer to deposit 10 per cent. of the purchase price at the time of the purchase, buyer's offer within the required period to pay the 10 per cent. immediately upon receipt of invoices was a sufficient acceptance of

the option, where amount required to be paid was not ascertainable before receipt of invoices, but was not sufficient without the payment or tender of the 10 per cent., if the amount due was ascertainable.

*(March* 10, 1921)

Conrad and Heisel, J. J., sitting.
*William S. Hilles* for plaintiff.
*Harry Emmons* and *L. Irving Handy* for defendants.

Superior Court for New Castle County, March Term, 1921.

For. Attach., No. 111, March Term, 1920.

Action by the Delaware Sales & Brokerage Company against Thomas O. Haydock, Jr., and another, copartners trading under the name of National Pipe & Supply Company. Demurrer to declaration sustained as to third, fourth, fifth, seventh and eighth counts, and overruled as to second and sixth counts.

See also,—110 *Atl.* 668; *supra, p.* 3.

The question raised appears in the opionin of the court.

Per Curiam: This is a demurrer to all the counts of the narr., the cause of demurrer relied upon being that the acceptance of the option as alleged in the narr. was not in accordance with the terms of the option as alleged therein.

The allegations of the several counts in so far as the question before us is concerned, are that on the 6th day of January, 1920, the plaintiff offered to buy certain merchandise from the defendant, describing it and giving quantities and prices in counts 3, 4, 5, 7, and 8 and prices only in counts 2 and 6. The counts then allege:

" The said proposition further provided that the plaintiff should pay to the defendants check for $100, for which defendants were to give plaintiff an option on any part, or any lot, or all of the above merchandise located on all or any of the plants aforesaid, said option to be subject to the acceptance by the plaintiff upon inspection of said merchandise. Said proposal further provided that if the plaintiff should not purchase the said merchandise after inspection, defendants were to return to plaintiff the $100 given to bind the proposition, the said $100 to be returned without any charges of any nature whatsoever, if no merchandise was purchased. If plaintiff did purchase any merchandise, the said $100 was to be retained by the defendants and was to apply on the 10 per cent. deposit required upon purchase of the goods. The terms of purchase were to be f. o. b. plants, balance sight draft, bill of lading. The said proposition further provided that in case of any loss, or damage or shortage, defend-

ants were to indemnify plaintiff to the amount of loss. Said option was granted for a 10-day period, and if not exercised in the time specified, through causes beyond plaintiff's control, either the length of the option was to be renewed or the check returned in like manner as above set forth. That the said proposition was on the said 6th day of January accepted by the defendants who then and there accepted the said check for $100 above referred to. That on the 15th day of January, 1920, the plaintiff exercised the option given to it as aforesaid and advised the defendants that it accepted the following merchandise at the prices noted.    *    *    *    Said acceptance further notified the defendants that plaintiff had inspected the merchandise mentioned and formally advised the defendants of plaintiff's acceptance of the same and wish to avail itself of said option. Said acceptance further provided that as defendants were then unable to present to plaintiff invoice covering merchandise from each plant at time of acceptance, plaintiff would send the 10 per cent. deposit immediately upon receipt of such invoices, and requested that such invoices might be furnished as soon as possible."

The question thus presented is, whether or not the plaintiff's offer to pay to defendant the 10 per cent. deposit immediately upon receipt of such invoices is a sufficient acceptance of the option to bind the defendant.

The defendant contends that the acceptance must be unqualified and meet the exact terms of the option and that nothing short of such acceptance is sufficient.

The plaintiff contends, first, that the option did not require a 10 per cent. deposit at the time of purchase; and second, that if it did require such deposit, the exact amount of the purchase was unknown to the plaintiff at the time of the purchase, and, therefore, an allegation of the payment of the 10 per cent. was not required, and the allegations of the narr. in that respect are sufficient.

[1, 2]    The general rule is that the acceptance of an option must be unconditional. And while it may be that the allegation "if plaintiff did purchase any merchandise, the said $100 was to be retained by the defendant and was to apply on the 10 per cent. deposit required upon purchase of the goods" would require an allegation of acceptance showing a payment or tender of 10 per cent. of the purchase price under some circumstances, we are not satisfied to hold, on demurrer, where from the allegations of the narr., the amount required thus to be paid is not ascertainable, that plaintiff must allege such payment or tender.

In those counts in which the amount necessary to cover the 10 per cent. is ascertainable from the allegations, we think the pay-

ment or tender of such amount should be alleged. This would apply to the third, fourth, fifth, seventh and eighth counts, but would not apply to the second and sixth counts. We, therefore, sustain the demurrer to the third, fourth, fifth , seventh and eighth counts, and overrule it as to the second and sixth counts.